# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF OHIO**
EASTERN DIVISION

FILED

OCT 27 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**Ardelia H.**
Plaintiff
v.
**Shaker Heights City School District,**
**Board of Education of Shaker Heights,**
**Dr. David Glasner, Superintendent,**
**Sue Roth, Employee,**
**et al.**
Defendants

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**Case No.: 1:25 CV 2310**
**Jury Trial Demanded**

**JUDGE NUGENT**

## I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. §1983 and other federal statutes to address ongoing and escalating patterns of racial discrimination, retaliation, defamation, and rights violations against Plaintiff Ardelia Holmes, a parent, former district employee, and current candidate for public office in the Shaker Heights City School District. This complaint arises from a documented series of harms spanning from the 2023–2024 school year through present, culminating in the suppression of protected speech, blacklisting from employment, denial of public records, and reputational damage, all committed under color of law and in violation of Plaintiff's civil and constitutional rights.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred within this District and involve parties located therein.

# III. PARTIES

3. **Plaintiff** Ardelia Holmes is a resident of Cuyahoga County, Ohio. She is a parent of 4 children enrolled in the Shaker Heights City School District, a former temporary employee of the district, and a current school board candidate.
4. **Defendant** Shaker Heights City School District is a public education agency operating under Ohio law, with its central office located in Shaker Heights, Ohio.
5. **Defendant** Board of Education of Shaker Heights is the publicly elected governing body responsible for overseeing the District.
6. **Defendant** Dr. David Glasner is the current Superintendent of Shaker Heights City School District and was acting under color of law at all relevant times.
7. **Defendant** Sue Roth is a current employee of the District and acted in her official and individual capacities in committing the discriminatory and retaliatory conduct described herein.

# IV. STATEMENT OF FACTS

1. Plaintiff, Ardelia Holmes, is a Black woman, a longtime resident of Shaker Heights, Ohio, a parent of students in the Shaker Heights City School District ("District"), a former temporary employee of the District, and a 2025 candidate for the Shaker Heights Board of Education.
2. During the 2023–2024 school year, Plaintiff's oldest daughter experienced a significant trauma, the sudden death of her father. In response, Plaintiff made multiple requests to District officials for trauma-related academic support including Bellfaire services, personalized learning placement, wraparound support, emotional support and any accommodations available.
3. Despite persistent written and verbal requests, Plaintiff's daughter received no meaningful services until the end of the academic year (May 2024), at which point her grades had suffered significantly and she was deemed to have failed her 10th-grade year. The District provided no offer of a 504 Plan or equivalent support, even though Plaintiff had flagged the seriousness of her daughter's emotional state and the potential for harm.
4. While these events were ongoing, Plaintiff accepted a temporary lunch monitor position with the District at Boulevard Elementary in January 2024, where she reported to Sue Roth. During that assignment, Plaintiff documented repeated instances of administrative failure and student safety concerns, including improper handling of food allergy protocols that put her son at risk, and discriminatory verbal treatment as well as intimidation and

retaliatory behaviors directed at one of her daughters by Roth.

5. In February 2024, Plaintiff submitted a formal written complaint to both the Boulevard principal and Superintendent Dr. David Glasner, detailing harassment and racial discrimination by Roth toward her daughter, and ongoing negligence regarding allergy accommodations.

6. In an attempt to remove herself from the hostile environment at Boulevard Elementary, Plaintiff independently accepted a different temporary assignment at Woodbury Elementary, where she again documented concerns, including a potential sexual misconduct incident among students. While the incident was acknowledged, Plaintiff was instructed not to speak on it, and no meaningful follow-up occurred.

7. Shortly thereafter, Plaintiff's position with the District at Woodbury Elementary was abruptly terminated without cause, explanation, or documented reason. The termination occurred in close proximity to her filed discrimination complaint, raising the presumption of retaliatory motive.

8. Despite the termination, Plaintiff was later permitted to reapply and was re-approved to substitute in the 2024–2025 school year. She completed fingerprinting in March 2025 and continued to have access to jobs until May 2025. During this time, Plaintiff again raised concerns of discriminatory grading practices affecting her eldest daughter, which had persisted from the 2023-2024 school year and resulted in the denial of trauma informed academic support. After repeated denials, delays, and failure by school leadership and the Chief of DEI, Dr. Lawrence Burnley, to provide appropriate grade corrections or equitable alternatives, Plaintiff publicly released a formal equity and discrimination statement on May 1, 2025. This statement detailed the ongoing failure of the District to respond to educational disparities and serve as a call for transparency and reform.

9. Following the release of her public statement, Plaintiff's access to the District's substitute job line was silently revoked. No formal notice or cause was ever provided. This sudden blacklisting followed the public exposure of equity data, District misconduct, and policy failures.

10. In the summer of 2025, Plaintiff released additional advocacy materials and campaign statements as she entered the public race for Shaker Heights School Board. During this time, she filed formal complaints with the District's DEI (Diversity, Equity, and Inclusion) department, Superintendent and School Board members regarding her children's treatment, repeated data suppression, and systemic inequities.

11. On October 1, 2025, following an incident at Boulevard Elementary involving her daughter being called "an evil little Black girl" by Sue Roth in the presence of other students and staff. Despite multiple prior requests by Plaintiff that Roth have no further contact with her daughter, the District **failed to reassign Roth or implement any protective measures.** Other students and staff had also **accused Roth of racism,** which the District ignored. This incident demonstrated a **pattern of deliberate indifference** toward racially hostile behavior and a continuing failure to protect Black students from discriminatory treatment. Following the incident, rather than address the misconduct directly, the District's legal representative **initiated contact with Plaintiff** under the guise of a private "investigative interview." However, this outreach only occurred **after Plaintiff herself had already requested a formal investigation** into Roth's actions and

the broader pattern of discrimination. The timing and approach of the District's response raised further concerns of retaliation and reputational harm rather than genuine accountability.

12. Plaintiff's public campaign statements and advocacy, particularly those delivered at the July 1, 2025 Board of Education meeting, became the basis for public commentary, press coverage, and eventual legal filings by former DEI leader Dr. Lawrence Burnley. While Dr. Burnley's lawsuit referenced these public equity data points and internal opposition, it was Plaintiff's presentation, original data, and advocacy that ignited the community debate and exposed District negligence.

13. On August 18, 2025, Plaintiff filed a formal civil rights complaint with the U.S. Department of Justice, Civil Rights Division (Record No. 653220-DFC), outlining systemic patterns of racial discrimination, financial obfuscation, and inequitable access to educational services in Shaker Heights City School District. The complaint documented both personal and community-wide civil rights violations and supported the need for federal investigation.

14. In parallel with her DOJ filing, Plaintiff submitted a formal complaint to the U.S. Department of Education's **Office for Civil Rights (OCR)** regarding ongoing racial discrimination, grading bias, inequitable educational access, and retaliation by the Shaker Heights City School District. The complaint was formally received and assigned Case ID **OCREMAIL00757294H**, and forwarded to the Denver Regional Office for review. The OCR filing reinforced Plaintiff's ongoing efforts to seek federal accountability for patterns of civil rights violations, academic harm to her children, and systemic racial inequity.

15. As a public figure, candidate, and whistleblower, Plaintiff has been subject to ongoing retaliation, including:

• Misrepresentation by District leadership
• Suppression of her requests for public financial and racial equity records • Surveillance of her social media accounts by sitting board members which was again referenced at an October board meeting
• Slanderous commentary in public threads
  • Hostile engagement by officials including board members and levy committee members

14. Plaintiff made multiple lawful requests for financial breakdowns, staff ratios, administrative counts, spending, racial KPIs, and budget allocations pursuant to Ohio's Sunshine Laws and FOIA equivalents. Many of these requests were ignored, delayed, or partially withheld, constituting a violation of public records statutes and further impairing her ability to campaign, organize, or advocate effectively.

15. As of the date of this filing, Plaintiff has suffered repeated professional, reputational, and psychological harm due to the District's discriminatory, retaliatory, and defamatory actions. These acts were taken under color of law and in violation of Plaintiff's civil and constitutional rights.

# V. CLAIMS FOR RELIEF

## Count 1: Racial Discrimination in Education (42 U.S.C. §1981, Title VI)

Defendants denied Plaintiff's children equal access to educational resources and services based on race, failed to provide trauma-informed support, and engaged in disparate treatment.

## Count 2: Retaliation Under Color of Law (42 U.S.C. §1983)

Plaintiff was subjected to termination, blacklisting, and harassment following protected activity (raising discrimination complaints, public speech, campaign advocacy).

## Count 3: First Amendment Retaliation

Defendants suppressed Plaintiff's constitutionally protected speech through retaliation, reputational attacks, and denial of public opportunities.

## Count 4: FOIA/Sunshine Law Violations (Ohio Public Records Act)

District failed to provide requested equity and financial data despite repeated lawful public records requests.

## Count 5: Defamation and False Light

Defendants made or enabled false, damaging statements that impugned Plaintiff's character, calling into question her fitness, intelligence, and intentions, particularly while she was campaigning for public office.

## Count 6: Intentional Infliction of Emotional Distress

Through a pattern of targeted actions and inaction, including defamation, retaliation, and discrimination, Defendants caused severe mental, emotional, and reputational injury to Plaintiff.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. That the Court acknowledge Plaintiff's pursuit of administrative remedies through formal complaints filed with both the U.S. Department of Justice and the U.S. Department of Education's Office for Civil Rights (OCR), and take judicial notice of these filings as part of the factual record supporting Plaintiff's claims of systemic and ongoing civil rights violations;
2. An independent federal or court-appointed audit of the District's equity policies, compliance practices, and public transparency mechanisms;
3. Public reporting and community disclosure of any identified disparities in academic performance, access to educational services, discipline, grading, and staff accountability by race and subgroup;
4. A cease-and-desist order barring further retaliation, discrimination, defamation, or obstruction of the Plaintiff's rights, including political activity, public speech, and parental advocacy;
5. Legal protection of Plaintiff's constitutional rights as a parent, public figure, and declared candidate for elected office;
6. Compensatory damages in the amount of **$5,000,000**, including for reputational harm, emotional distress, lost income, and public retaliation;
7. Punitive damages as the Court deems just;
8. A declaratory judgment that Defendants violated Plaintiff's constitutional and civil rights;
9. An injunction against future retaliation, employment exclusion, and misuse of public office against Plaintiff;
10. All costs of this action, including attorneys' fees if applicable;
11. Any other relief the Court deems just and proper.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ **Ardelia Holmes**
Ardelia Holmes
Ardelia Holmes
12700 Fairhill rd. Apt 304
Shaker Heights, Ohio 44120
216-972-1240
**Pro Se Plaintiff**