IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Ardelia Holmes,** | ) | CASE NO. 1: 25 CV 2310 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| **Shaker Heights City School District,** | ) | |
| *et al.,* | ) | **DISMISSAL ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

*Pro se* Plaintiff Ardelia Holmes has filed this civil rights action against the Shaker Heights School District and its Board of Education, Superintendent, and an employee. She filed her original Complaint on October 27, 2025 (Doc. No. 1) and an Amended Complaint on December 23, 2025 (Doc. No. 3.) She did not pay the filing fee, but instead, filed an application to proceed *in forma pauperis*. (Doc. No. 2.) For the following reasons, that application is DENIED and this action is DISMISSED.

Federal courts have the power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis*. Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir.1981). But proceeding *in forma pauperis* in federal court is a privilege and not a right, and permission to do so is committed to the sound discretion of the Court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004); ; *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R,

2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). A litigant seeking to proceed *in forma pauperis* must file an affidavit with a statement of assets and liabilities that demonstrates his or her financial inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). An application is properly denied where the litigant fails to provide information concerning her expenses and financial obligations such that the court may make a determination as to her ability to pay the filing fee. *Flippin*, 107 F. App'x at 521.

The Court does not find that Plaintiff has provided information sufficient to justify granting her leave to proceed *in forma pauperis*. First, despite clear instruction on the Court's form application to proceed *in forma pauperis* that an applicant should complete all questions on the application and "not leave any blanks," Plaintiff left blank numerous questions on her application regarding her financial circumstances. And the information she has provided on her application does not indicate that she is financially unable to pay the filing fee. She indicates on her application that she became employed on October 16, 2025, and that her gross monthly pay from such employment is $3900. (*See* Doc. No. 2 at 2, ¶ 2.) This pay, with the $550 of monthly child support she indicates she expects, indicates that she has the financial ability to pay the filing fee (even considering the $2100 in monthly expenses she lists).

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) in this case is DENIED, and this action is DISMISSED without prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff may re-open this case within thirty (30) days of the date of this Order by first paying the filing fee of $405 and then filing a Motion to Re-Open. No Motion to Re-Open, (or other document) will be accepted for filing in the case unless the full filing fee has been paid. The Clerk's Office shall return any documents submitted prior to payment of the filing fee.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2026